

# ARKANSAS COURT OF APPEALS

DIVISION I
No. CV-13-621

| | |
|---|---|
| JACKIE FULLER | |
| **APPELLANT** | **Opinion Delivered** January 8, 2014 |
| V. | APPEAL FROM THE SEBASTIAN COUNTY CIRCUIT COURT, FORT SMITH DISTRICT [NO. JV-2004-483] |
| ARKANSAS DEPARTMENT OF HUMAN SERVICES AND MINOR CHILDREN | HONORABLE MARK HEWETT, JUDGE |
| **APPELLEES** | AFFIRMED; MOTION TO WITHDRAW GRANTED |

## PHILLIP T. WHITEAKER, Judge

Appellant Jackie Fuller appeals the Sebastian County Circuit Court order terminating her parental rights to her three children, D.S., L.W., and B.M.[1] Her attorney filed a motion to be relieved from representation and a no-merit brief pursuant to *Linker-Flores v. Arkansas Department of Human Services,* 359 Ark. 131, 194 S.W.3d 739 (2004), and Rule 6-9(i) of the Rules of the Arkansas Supreme Court and Court of Appeals, asserting that there are no issues of arguable merit to support the appeal.  Fuller was sent a copy of her counsel's motion and brief, along with a letter informing her of her right to file pro se points for reversal. She has

---

[1]The court also terminated the parental rights of the children's father, Timothy Martin, but he is not a party to this appeal.

filed pro se points for the court's consideration. We affirm and grant counsel's motion to be relieved.

The Arkansas Department of Human Services (DHS) filed a petition for emergency custody of Fuller's children after Fuller was arrested and charged with possession of methamphetamine with intent to deliver, possession of marijuana, endangering the welfare of a minor, and several traffic offenses. The court subsequently adjudicated the children dependent-neglected. The adjudication order noted that, in addition to Fuller's criminal history, she had a history of drug abuse and had pending felony charges with the possibility of a substantial term of incarceration.

DHS filed a petition for termination of parental rights. As statutory grounds for termination, DHS alleged that Fuller had been sentenced in a criminal proceeding for a period of time that would constitute a substantial period of the children's lives. Ark. Code Ann. § 9-27-341(b)(3)(B)(viii) (Repl. 2009). DHS also alleged that Fuller had subjected the children to aggravated circumstances in that there was little likelihood that services to the family would result in successful reunification. Ark. Code Ann. § 9-27-341(b)(3)(B)(ix)(*a*)(*3*)(*B*)(*i*) (Repl. 2009).[2]

The circuit court terminated Fuller's parental rights, finding that she had been convicted of drug-related charges and sentenced to two ten-year terms of incarceration. The court found that this satisfied the grounds for termination in § 9-27-341(b)(3)(B)(viii). In

___

[2]DHS also alleged two other grounds for termination, but the circuit court did not base its termination order on either of these two statutory grounds. We therefore find it unnecessary to discuss them.

addition, the court found that it was in the best interest of the children to terminate Fuller's parental rights, specifically finding that it had considered the adoptability of the children and the risk of harm to them if there were to be continued contact with the parent.

Fuller submitted a letter to this court in which she argues that she should not have her parental rights terminated. The only matter raised in her pro se points that could arguably be considered an appealable issue is her contention that she received ineffective assistance of counsel from both her trial attorney and her appellate attorney. These claims of ineffective assistance of counsel were never raised before the trial court. Arkansas appellate courts will not consider a claim of ineffective assistance of counsel as a point on appeal unless it was first raised in the trial court. *Jones v. Ark. Dep't of Human Servs.*, 361 Ark. 164, 205 S.W.3d 778 (2005); *Weaver v. Ark. Dep't of Human Servs.*, 2011 Ark. App. 680. Accordingly, Fuller's pro se points are without merit.

Counsel's no-merit brief, accompanied by a motion to withdraw, includes a discussion of the sufficiency of the evidence to support the termination order, as well as the other adverse rulings in this case. Based on our examination of the record and the briefs, we find that counsel has complied with the requirements established by the Arkansas Supreme Court for no-merit appeals in termination cases, and we hold that an appeal would be wholly without merit. Consequently, we grant counsel's motion to withdraw and affirm the order terminating Fuller's parental rights.

Affirmed; motion to withdraw granted.
GLADWIN, C.J., and PITTMAN, J., agree.
*Leah Lanford*, Arkansas Public Defender Commission, for appellant.
No response.